# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) Judge Charles M. Walker |
| **COOKEVILLE PLATINUM, LLC,** | ) |
| **LEBANON PLATINUM, LLC,** | ) Case No. 2:23-bk-3589 |
| **DESTIN PLATINUM, LLC,** | ) Case No. 3:23-bk-3592 |
| **PLATINUM GATEWAY II, LLC,** | ) Case No. 3:23-bk-3596 |
| **VMV, LLC and** | ) Case No. 3:23-bk-3597 |
| **MURFREESBORO PLATINUM, LLC,** | ) Case No. 3:23-bk-3598 |
| | ) Case No. 3:23-bk-3599 |
| Debtors. | ) |
| | ) JOINT ADMIN REQUESTED |

## EXPEDITED MOTION FOR ENTRY OF ORDER DIRECTING
## JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES

The above-captioned debtors (collectively, the "Debtors"), pursuant to 11 U.S.C. § 105, respectfully request entry of an order directing the joint administration of the Debtors' chapter 11 cases (collectively, the "Cases") under the name and case number for Debtor Lebanon Platinum, LLC, Case No. 3:23-bk-3592. This specific request seeks joint administration for procedural purposes only. In support of this motion, the Debtors respectfully state as follows:

### SUMMARY OF RELIEF REQUESTED

1. <u>Expedited Relief Requested</u>. The Debtors request approval and authorization, pursuant to 11 U.S.C. § 105 to jointly administer these Cases.

2. <u>Basis for Urgency</u>. This Motion must be considered on an expedited basis because of the significant number of pleadings and motions to be filed in the above-styled cases, including without limitation status conference reports, plan(s) of reorganization, employment applications, requests to use cash collateral, motions to assume or reject contracts or leases, operating reports, and all responses filed thereto. The Debtors have common management and ownership, share joint and several liability on several principal debts, and otherwise have substantial common creditors

on their individual debts. Joint administration will ease the administrative burden, promote judicial economy, and avoid duplicative filings for the Debtors and their creditors.

3. <u>Notice</u>. This motion is being served on October 12, 2023 on (i) all parties consenting to electronic service via the Court's CM/ECF system, (ii) the Office of the United States Trustee via email, (iii) all creditors in all six cases via email, fax, or U.S. mail in a manner consistent with Local Rule 2081-1(c). The Debtors have informed the Office of the United States Trustee of their intent to file this motion.

4. <u>Suggested Hearing Date</u>. The Debtors request a hearing date on October 18, 2023, to be heard contemporaneously with certain other of the Debtors' matters on the Court's docket on that date.

5. <u>Supporting Argument</u>. The Debtors support this motion as set forth below.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

7. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

8. The statutory predicates for the relief requested herein are Rule 1015 of the Bankruptcy Rules, and Sections 1107 and 1108 of title 11 of the United States Code (the "Bankruptcy Code").

**BACKGROUND**

9. On September 29, 2023 (the "Petition Date"), each of the Debtors filed a separate voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are managing

their affairs as debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No creditors' committee or examiner has been appointed.

10. The Debtors have filed a *Consolidated Company Profile*, which includes the history of the Debtors, a summary of the Debtors' operations, and Debtors' reasons for filing Chapter 11 (the "Company Profile"). The Company Profile in this case is incorporated herein by reference.

## BASIS FOR RELIEF

11. The statutory basis for the relief requested herein is 11 U.S.C. § 105(a).

12. Joint administration of these affiliated cases will permit the use of a single general docket for the Debtors' cases. It will also allow the Debtors to combine notice to creditors and other parties in interest of the Debtors' respective estates. The Debtors anticipate that most notices, applications, motions, pleadings, hearings, and orders in these cases will affect all of the Debtors. Joint administration will save time and money and will avoid duplicative and potentially confusing filings. Joint administration will also protect parties in interest by ensuring that the parties in each bankruptcy case will be kept apprised of the pending matters related to the other Debtors. This will allow the parties in interest, including the United States Trustee, to monitor these cases more easily and efficiently.

13. No prejudice will result from the joint administration of the Cases. This motion seeks only administrative consolidation, not substantive consolidation.

14. This motion is not intended to affect the Debtors' individual obligation to file monthly operating reports or pay fees imposed by 28 U.S.C. § 1930(a)(6). In addition, each of the Debtors will file schedules of assets and liabilities and statements of financial affairs in each of

their respective cases. Further, all proofs of claims will be captioned and filed in each of the Debtors' respective, separate cases.

15. The Debtors propose that all filings in the jointly administered cases be made under the name of Lebanon Platinum, LLC, *et al.*, with Case No. 3:23-bk-3592.

**WHEREFORE**, for the reasons set forth herein, the Debtors respectfully request that this Court enter an order authorizing the joint administration of these cases in the Lebanon Platinum, LLC docket, and grant such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

/s/ Henry E. ("Ned") Hildebrand, IV
Henry E. ("Ned") Hildebrand, IV
Gray Waldron
DUNHAM HILDEBRAND, PLLC
2416 21st Avenue South, Suite 303
Nashville, Tennessee 37212
615.933.5851
ned@dhnashville.com
gray@dhnashville.com
*Counsel for Debtors*

**CERTIFICATE OF SERVICE**

On October 12, 2023, this document was electronically served on all parties consenting to the Court's CM/ECF system and on October 12, 2023, a copy of the foregoing will be served via regular mail on (i) Debtors' 20 largest unsecured creditors; (ii) all of Debtors' secured creditors; (iii) the Office of the United States Trustee; and (iv) all other parties who have filed a request for written notice.

/s/ Henry E. ("Ned") Hildebrand, IV
Henry E. ("Ned") Hildebrand, IV

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Judge Charles M. Walker |
| **COOKEVILLE PLATINUM LLC,** | ) | |
| **LEBANON PLATINUM, LLC,** | ) | Case No. 2:23-bk-3589 |
| **DESTIN PLATINUM, LLC,** | ) | Case No. 3:23-bk-3592 |
| **PLATINUM GATEWAY II, LLC,** | ) | Case No. 3:23-bk-3596 |
| **VMV, LLC, and** | ) | Case No. 3:23-bk-3597 |
| **MURFREESBORO PLATINUM, LLC,** | ) | Case No. 3:23-bk-3598 |
| | ) | Case No. 3:23-bk-3599 |
| Debtors. | ) | |
| | ) | JOINT ADMIN REQUESTED |

## ORDER GRANTING MOTION FOR
## JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES

This matter is before the Court upon the motion (the "Motion") filed by the above-captioned debtors (collectively, the "Debtors") for entry of an order directing the joint administration of the Debtors' chapter 11 cases pursuant to 11 U.S.C. § 105.

This Court having jurisdiction over the matter pursuant to 28 U.S.C. §§ 157 and 1334, and having found that the Debtors' notice of the Motion and opportunity for hearing on the Motion were appropriate under the circumstances and otherwise complied with all applicable rules; and further having reviewed the Motion and having heard the arguments in support of the relief requested therein at the hearing on the Motion held on _____ (the "Hearing") and finding just cause for the relief granted herein, it is hereby ORDERED as follows:

1. The Motion is granted as set forth herein.

2. The above-captioned cases shall be administered jointly and consolidated for procedural purposes only under the case name Lebanon Platinum, LLC *et al.*, at Case No. 3:23-bk-3592. All pleadings shall be filed only in the main case.

3. Notwithstanding whether any requested relief only relates to one, or fewer than all, of the Debtors, all pleadings shall contain only the case name and number of Lebanon Platinum, LLC with an "*et al.*" reference that will be considered to sufficiently notify each and all of the Debtors. In addition, the term "JOINTLY ADMINISTERED" shall be included in the case caption of every filing.

4. The Debtors shall maintain, and the United States Bankruptcy Court for the Middle District of Tennessee (the "Bankruptcy Court") shall keep, one consolidated docket and service list for these consolidated cases.

5. The Bankruptcy Court will maintain separate proof of claims registers for each Debtor. Creditors filing proofs of claim shall file their claims under the case name and number for the applicable Debtor alleged to owe the debt.

6. Nothing in this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the above-captioned cases.

7. This joint administration shall not affect the requirements for the filing of monthly operating reports or payment of any required fees to the United States Trustee (the "U.S. Trustee Fees"), as applicable. Each Debtor shall be separately responsible for filing monthly operating reports, unless otherwise approved by the U.S. Trustee, and for paying the U.S. Trustee Fees, as applicable.

IT IS SO ORDERED.

THIS ORDER WAS SIGNED AND ENTERED
ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE

APPROVED FOR ENTRY:

/s/ Henry E. ("Ned") Hildebrand, IV
Henry E. ("Ned") Hildebrand, IV
Gray Waldron
DUNHAM HILDEBRAND, PLLC
2416 21st Avenue South, Suite 303
Nashville, Tennessee 37212
615.933.5851
ned@dhnashville.com
gray@dhnashville.com
*Counsel for the Debtors*